IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 8:02-CV-1742-T-26TBM |
| EVERTE FARNELL, | ) |
| Defendant. | ) |

**UNITED STATES' COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

The plaintiff, the United States of America, alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and §§ 7401, 7402(a), 7407, and 7408 of the Internal Revenue Code of 1986 (26 U.S.C.) (IRC).

2. This action has been authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to the provisions of IRC §§ 7401, 7402, and 7408.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

4. The United States brings this complaint pursuant to IRC §§ 7402(a), 7407, and 7408 to restrain and enjoin the defendant from:

   a. Further acting as a federal income tax preparer;

   b. understating taxpayers' liabilities as prohibited by IRC § 6694;

1

    c.      engaging in any activity subject to penalty under IRC § 6700, including organizing or selling a plan or arrangement and, in connection with that activity, making a statement regarding the excludability of income that he knows or has reason to know is false or fraudulent as to any material matter;

    d.      engaging in any activity subject to penalty under IRC § 6701, including preparing and/or assisting in the preparation of documents related to a matter material to the internal revenue laws that include a position that he knows will result in the understatement of tax liability;

    e.      engaging in any other activity subject to penalty under IRC §§ 6694, 6695, 6700, or 6701; and

    f.      engaging in other similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Defendant

5. The defendant is Everte C. Farnell ("Farnell"). He resides at 239 - 85th Avenue North, St. Petersburg, Florida 33702, and is within this Court's jurisdiction.

## Count I

(Injunction under IRC § 7407)

6. IRC § 7407 authorizes a court to enjoin a person from acting as an income tax return preparer if that person has continually or repeatedly:

    a.      engaged in conduct subject to penalty under IRC § 6694 (which penalizes a return preparer who prepares or submits a return that contains an unrealistic position) or IRC § 6695 (which penalizes a return preparer who fails to sign returns, include his identifying number (SSN/EIN), keep a list of clients, or turn over the client list to the IRS upon request),

    b.      guaranteed the payment of any tax refund or allowance of any tax credit, *or*

    c.    engaged in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws,

    d.    and the Court finds that a narrower injunction (*i.e.*, prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of federal tax law.

7. Farnell promotes a bogus tax-refund scheme using an unrealistic and frivolous misinterpretation of the federal tax laws.

8. Specifically, Farnell promotes what is known variously as the "U.S. Sources argument," "foreign sources argument" or "Section 861 argument." He and other advocates of this position assert that U.S. citizens and residents are not subject to federal income tax on their wages and other income earned or derived from within the United States.

9. The "U.S. sources argument" is unrealistic and frivolous.

10. As part of his promotion of this tax scam, Farnell continually and repeatedly aids, assists in, procures and/or advises in the preparation of bogus federal tax returns for other taxpayers.

11. These tax returns contain false and fraudulent understatements of federal tax liabilities.

12. Farnell knows and has reason to believe that such documents will be filed with the Internal Revenue Service, and knows that the documents will result in the understatement of liabilities for these taxpayers.

13. Farnell's continuing and repeated conduct is substantially interfering with the proper administration of the Internal Revenue laws.

14. Farnell's actions fall within IRC §§ 7407(b)(1)(A). Subparagraph (1)(A) authorizes courts to enjoin, among other things, conduct subject to penalty under IRC § 6694 and 6695.

15. Farnell's conduct is subject to penalty under IRC § 6694 and injunction under IRC § 7407 because his preparation and filing of returns containing frivolous positions has resulted in understatements of income tax liability on returns. Section 6694 imposes penalties on tax-return preparers who prepare returns on which there is an understatement of liability and where:

> (1) the understatement is due to a position for which there was not a realistic possibility of being sustained on the merits;
>
> (2) the preparer knew or should have known this position was unrealistic; and
>
> (3) either the position was not disclosed as provided in IRC § 6662(d)(2)(B)(ii) (requiring disclosure of relevant facts) or it was frivolous.

16. Farnell is therefore subject to injunction under IRC § 7407.

17. Farnell's conduct is further subject to penalty under IRC §§ 6109(a)(4) and 6695(c), and injunction under IRC § 7407.

18. IRC § 6107(b)(1), (2) requires tax return-preparers to retain client lists for the period ending three years after the close of the return period, and to furnish the list to the Secretary of the Treasury upon request. IRC § 6695(d) imposes a penalty for failure to comply with Section 6107(b).

19. On November 7, 2001, the IRS issued a summons to Farnell, a tax return-preparer, seeking, among other things, the client list Farnell was required to maintain under Section 6107(b). The summons required Farnell to appear on November 19, 2001 at the IRS offices in St. Petersburg, Florida.

20. Although Farnell appeared at the IRS offices on November 19, 2001, Farnell refused to provide the client list, alleging that he did not have it.

21. Farnell has therefore violated Section 6695(d).

22. IRC § 6109(a)(4) requires tax return preparers to furnish identifying numbers (*e.g.*, Social Security or employer identification numbers) on returns prepared for other taxpayers. IRC § 6695(c) imposes a penalty on preparers who fail to comply.

23. Farnell has repeatedly and willfully failed to supply a tax-preparer identifying number on federal tax returns that he has prepared for other taxpayers (and which have been filed with the IRS).

24. Farnell is therefore engaging in conduct subject to penalty under IRC § 6695(c), and is subject to injunction under IRC § 7407.

25. An injunction under IRC § 7407 preventing Farnell and all those acting in concert with him from acting as an income tax return preparer is necessary and appropriate to prevent his continued interference with the proper administration of the Internal Revenue laws.

**Count II**

(Injunction under IRC § 7408 for violations of §§ 6700 and 6701)

26. The United States incorporates herein as if fully restated, the allegations in paragraphs 1 through 25.

27. IRC § 7408 authorizes a court to enjoin persons who have engaged in conduct subject to penalty under IRC §§ 6700 or 6701.

28. In relevant part, IRC § 6700 imposes a penalty on any person who organizes (or assists in the organization of) any shelter, plan, or arrangement and makes or furnishes or causes another person to make or furnish (in connection with such organization) a statement regarding the excludability of any income which the person knows or has reason to know is false or fraudulent as to any material matter.

29. Section 6701 imposes a penalty on any person who aids in the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to know) that the portion will be used to assert a position under the internal revenue laws, and who knows the portion would result in an understatement of tax liability.

30. The National Institute of Taxation Education ("NITE") was founded and is operated by Thurston Bell. NITE charges its "members" a fee to join, and an annual fee thereafter. These "fees" give them access to unlawful tax-avoidance schemes and materials. They are also able to enlist the services of Bell, Farnell and others for assistance in evading federal taxes.

31. Through NITE, Bell and his "senior fellows" promote the "U.S. sources argument."

32. Farnell is a NITE member and "senior fellow." As a "senior fellow," Farnell assists other persons, including but not limited to NITE members, in evading federal taxes using the "U.S. sources argument."

33. Among other things, Farnell prepares and assists in the preparation of federal tax returns for other taxpayers using the "U.S. sources argument," which results in taxpayers declaring their gross income to be zero, regardless of how much money they earned during the taxable year. In some instances, the taxpayers even seek refunds. Farnell receives compensation for these "*services.*"

34. Farnell also prepares or assists in preparing false and fraudulent statements about the excludability of income which are posted on the NITE website. These postings are used as marketing tools to obtain more members who will pay to use NITE's unlawful tax-evasion schemes.

35. Farnell has further marketed these abusive schemes by word-of-mouth to individuals and businesses, including representing himself as the "Chief Tax Consultant" of the NITE "Problem Resolution Group."

36. Moreover, on information and belief, Farnell has assisted in the presentation of NITE seminars, where Bell and NITE senior fellows market the false and fraudulent "U.S. Sources" scheme as a means of evading the payment of federal taxes.

37. The IRS has repeatedly informed the public that the "U.S. sources argument" or "Section 861 argument" is frivolous.

38. The United States Tax Court has sanctioned taxpayers who assert this unrealistic and frivolous position. The United States Court of Appeals for the Eighth Circuit has affirmed the Tax Court's decision in one such case.

39. Farnell knows that the IRS has declared that the "U.S. sources argument" is an abusive and unlawful tax avoidance scheme.

40. Farnell knows that the United States Department of Justice has filed an injunction suit under IRC §§ 6700, 6701 and 7408, among other sections, against Thurston Bell doing business as NITE, seeking, in part, to enjoin Bell and all those acting in concert with him from promoting the "U.S. sources argument."

41. Farnell is familiar with Tax Court cases that have held that the "U.S. sources" or "Section 861 argument" is false and/or fraudulent. Farnell has also been informed of the *Darlow Madge* case, where the Tax Court sanctioned Madge $25,000 for advancing the U.S. sources argument, and which the Eighth Circuit upheld.

42. Despite Farnell's knowledge that the "U.S. sources argument" is an unlawful and abusive tax-promotion scheme, Farnell continues to promote the "U.S. sources argument" to unwitting clients.

43. Based on the foregoing, Farnell has assisted in the organization of a plan or arrangement and has furnished in connection with the organization false and fraudulent statements as to material tax matters, which Farnell knows and has reason to know are false and fraudulent.

44. Farnell has further aided, assisted and advised others with respect to the preparation of tax returns, which he knows or has reason to believe will be filed with the IRS, and which he knows will result in understatements of tax liabilities for such persons.

45. Farnell is consequently subject to penalty under IRC §§ 6700 and 6701, and an injunction under § 7408.

### Count III

(Injunction Under IRC § 7402 for Unlawful Interference with the Enforcement of the Internal Revenue Laws)

46. The United States incorporates herein as if fully restated, the allegations in paragraphs 1 through 45.

47. Unless the Court enjoins Farnell, he is likely to continue to engage in the conduct described in paragraphs 1 through 45 of this complaint.

48. Farnell's conduct described in paragraphs 1 through 45 has resulted and continues to result in irreparable harm to the United States.

49. The United States has no adequate remedy at law to halt this irreparable harm, and thus is entitled to an injunction under IRC § 7402. Specifically:

   a. Farnell's conduct, unless enjoined, is likely to cause a substantial loss of revenue to the United States Treasury. Unless he is enjoined the IRS will have to expend substantial time and resources to detect future returns based on bogus claims, and may be unable to detect all of them. If erroneous refunds are made and later detected, the Government will either lose those funds or have to expend substantial funds and resources to recover them. Based on past experience, the Government cannot expect to recover 100% of the erroneous refunds issued, and therefore the Government can expect a revenue loss if Farnell is allowed to continue filing income tax returns based on bogus claims;

   b. The detection and audit of taxpayers who have used Farnell's scheme will place a serious burden on the IRS's resources and—to the extent erroneous-refund suits must be brought against taxpayers—on the resources of the federal judicial system; and

   c. If Farnell is not enjoined, he likely will continue to engage in conduct subject to penalty under IRC §§ 6700, 6701, 6694, and 6695 that interferes with the enforcement of the internal revenue laws, thereby undermining the federal tax system.

9

WHEREFORE, the plaintiff United States prays for the following:

A. That the Court find that Farnell has continuously and repeatedly engaged in conduct subject to penalty under IRC §§ 6694 and 6695, and that injunctive relief is appropriate under IRC § 7407 to prevent him and anyone acting in concert with him from acting as income-tax-return preparers;

B. That the Court find Farnell engaged in conduct subject to penalty under IRC §§ 6700 and 6701, and that injunctive relief is appropriate under IRC § 7408 to prevent him and anyone acting in concert with him from engaging in any further such conduct;

C. That the Court find that Farnell engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief against him and anyone acting in concert with him is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and IRC § 7402(a);

D. That the Court, pursuant to IRC § 7407, enter a permanent injunction prohibiting Farnell from acting as an income-tax-return preparer;

E. That the Court, pursuant to IRC §§ 7402 and 7408, enter a permanent injunction prohibiting Farnell and his representatives, agents, servants, employees, attorneys, and those persons in concert or participation with him, from directly or indirectly by means of false, deceptive, or misleading commercial speech:

> (1) Organizing, promoting, marketing, or selling (or assisting therein) the tax shelter, plan, or arrangement known as the "U.S. sources argument" or any other abusive tax shelter, plan or arrangement that incites taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities or unlawfully claim improper tax refunds;

  (2) Further engaging in any conduct subject to penalty under IRC § 6700, *i.e.*, making or furnishing, in connection with the organization or sale of an abusive shelter, plan, or arrangement, a statement they know or have reason to know is false or fraudulent as to any material matter;

  (3) Further engaging in any conduct subject to penalty under IRC § 6701, *i.e.*, assisting others in the preparation of any tax returns, forms or other documents to be used in connection with any material matter arising under the internal revenue laws and which they know will (if so used) result in the understatement of income tax liability;

  (4) Further engaging in any conduct subject to penalty under IRC § 6694, *i.e.*, preparing any part of a return or claim for refund that includes an unrealistic and/or frivolous position;

  (5) Further engaging in any conduct subject to penalty under IRC § 6695; and

  (6) Further engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws by the Internal Revenue Service.

  F. That this Court, pursuant to IRC §§ 7402, 7407, and 7408, enter an injunction requiring Farnell to contact, in writing, via first class mail:

  (1) all persons to whom he gave, sold, or distributed any materials espousing or related to the "U.S. sources argument";

  (2) all persons on whose behalf Farnell prepared and/or assisted in the preparation of any federal or state income tax returns or tax-related documents; and

  (3) all persons who contacted Farnell regarding the "U.S. sources argument" (in correspondence, by telephone or conversation, or through electronic means);

and to provide each of those persons with a true, correct and complete copy of the Court's findings and order of permanent injunction, and further, to inform those persons using a memorandum approved by the Court concerning the falsity of the representations made by Farnell, the falsity of the "U.S. sources

11

argument," the falsity of the tax returns prepared on these persons' behalf, the possibility of the imposition of frivolous-return penalties against them, the possibility that the United States may seek to recover any erroneous refund they may have received a refund, and the fact that a permanent injunction has been entered against Farnell.

G.  That this Court, pursuant to IRC §§ 7402, 7207, and 7408, enter an injunction requiring Farnell to produce to the United States all records in his possession, custody, or control or to which he has access that identify (1) the persons to whom he gave or sold or otherwise provided, directly or indirectly, any materials related to the "U.S. sources argument," (2) the persons who assisted in the preparation or marketing of materials used by Farnell or written materials sent to potential clients, (3) all individuals or entities for whom Farnell or his associates prepared or assisted in the preparation of any tax-related documents, including claims for refund or tax returns, and (4) all individuals or entities who purchased or used any other tax shelter, plan, or arrangement in which Farnell has been involved.

H. For the United States' costs in bringing this action.

I. For such other relief as the Court deems appropriate.

                    MAC CAULEY
                    United States Attorney

DONALD N. DOWIE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-1714
Fax: (202) 514-6770